ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| LETICIA CRUZ RAMÍREZ<br><br>Recurrida<br><br>V.<br><br>EDGARDO RAMOS PÉREZ, MANUEL RAMOS RAMOS; **RAMOS Y ASOCIADOS, INC.**<br><br>Peticionario | TA2025CE00863 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Utuado<br><br>Caso Núm.: UT2024CV00265<br><br>Sobre: División de bienes, cobro de dinero |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de enero de 2026.

Comparece Ramos & Asociados, Inc. (R&A o peticionario) y solicita la revisión de una *Orden* emitida y notificada el 18 de septiembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Utuado (TPI).[1] En dicho dictamen, el foro primario declaró No Ha Lugar la solicitud del peticionario de relevarlo de una orden de presentar informes y proveer información relacionada con las cuentas bancarias de determinados negocios en controversia.

Por los fundamentos que se exponen a continuación, se deniega la expedición del auto de *certiorari*.

## I.

Este caso se inició el 30 de mayo de 2024, cuando la señora Leticia Cruz Ramírez (señora Cruz Ramírez o recurrida) presentó una *Demanda* sobre liquidación de comunidad de bienes y cobro de dinero contra el señor Edgardo Ramos Pérez (señor Ramos Pérez).[2] En esta,

---

[1] Entrada Núm. 97 del caso UT2024CV00265 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[2] *Íd.*, Entrada Núm. 1 en SUMAC.

alegó una convivencia de diez (10) años hasta 2023, durante la cual constituyeron una comunidad de bienes y adquirieron bienes muebles e inmuebles que solicitó liquidar. Asimismo, sostuvo ser la dueña privativa del negocio *El Tesoro de Cofresí* y que el señor Ramos Pérez asumió control de este y de sus ganancias.

El 12 de junio de 2025, la recurrida solicitó enmendar la *Demanda* para incluir como codemandados a R&A y al señor Miguel A. Ramos Ramos (señor Ramos Ramos).[3] Adujo que los señores Ramos Pérez y Ramos Ramos incorporaron la entidad para transferir permisos fraudulentamente, obtener crédito, operar ilegalmente los negocios *El Empujón* y *El Tesoro de Cofresí*, y dilapidar sus ganancias.

En igual fecha, el TPI celebró la conferencia inicial.[4] Según surgió en la minuta, el tribunal inferior declaró Ha Lugar la solicitud de orden para la rendición de cuentas y consignación de ganancias, al existir controversia sobre la titularidad de las mismas y así salvaguardar los fondos en disputa. Aclaró que no se trataba de coadministración y que, de surgir tal controversia, procedía nombrar un administrador judicial. Por esto, ordenó que el señor Ramos Pérez entregara las contestaciones al pliego de interrogatorios, concedió quince (15) días para informar las cuentas bancarias e intercambiar los estados de junio de 2023 a mayo de 2025, y presentar informes mensuales de ingresos y gastos desde junio de 2025 hasta el 22 de agosto de 2025.

Más adelante, el 10 de septiembre de 2025, el foro recurrido emitió una *Resolución y Orden*[5] en la que reiteró lo dispuesto en la conferencia inicial de informar las cuentas bancarias, intercambiar los estados correspondientes y rendir informes mensuales de ingresos y gastos. Especificó que no era necesaria la firma de la

---

[3] *Íd.*, Entradas Núm. 55 y 56 en SUMAC. El TPI tomó conocimiento de la enmienda a la *Demanda* y ordenó a la Secretaría a expedir los emplazamientos, los cuales se diligenciaron los días 26 y 28 de junio de 2025. Entrada Núm. 67 en SUMAC.
[4] *Íd.*, Entrada Núm. 66 en SUMAC.
[5] *Íd.*, Entrada Núm. 93 en SUMAC. Notificada el 12 de septiembre de 2025.

minuta de dicha conferencia, puesto que la determinación se dictó en corte abierta, en presencia de los representantes legales de ambas partes y no resolvió controversia alguna ni impuso un dictamen de hacer o desistir de hacer.[6] Reafirmó que se trataba de un mecanismo de descubrimiento de prueba y que, una vez obtenida la prueba documental, evaluaría cualquier medida cautelar necesaria. En consecuencia, concedió al señor Ramos Pérez y a R&A un término de veinte (20) días para cumplir con lo ordenado, extendió el período de información hasta el 31 de agosto de 2025 y apercibió la imposición de sanciones por incumplimiento.

El 18 de septiembre de 2025, R&A presentó una *Moción Solicitando Relevo de Orden*, en la que solicitó dejar sin efecto la *Resolución y Orden* del 10 de septiembre de 2025.[7] Alegó que no tuvo la oportunidad de oponerse cuando el TPI emitió dicha orden el 12 de junio de 2025, debido a que aún no había sido emplazado ni el tribunal había adquirido jurisdicción sobre su persona. Ello, puesto que, a su criterio, la orden de rendir informes mensuales constituía un remedio provisional de hacer un acto específico.

El mismo día, el TPI emitió una *Orden* en la que estableció que, aunque la *Orden* del 12 de junio de 2025 no cobijaba al peticionario, la *Resolución y Orden* del 10 de septiembre de 2025 se dictó cuando tenía jurisdicción sobre su persona, por lo que debía cumplirla.[8] Ante ello, declaró No Ha Lugar la solicitud de relevo de orden.

Inconforme, el 30 de septiembre de 2025, R&A presentó una *Moción Solicitando Reconsideración y/o Solicitud de Orden al Amparo de la Regla 56.5.*[9] En esta, planteó que la *Orden* recurrida lo obligaba

---

[6] Es menester puntualizar que el TPI debió firmar la minuta a fin de conferir validez y eficacia jurídica a las determinaciones interlocutorias allí consignadas y hacerlas revisables, independientemente de que no se emitió una orden de remedio provisional al amparo de la Regla 56 de Procedimiento Civil, 32 LPRA Ap. V, R. 56. No obstante, consideramos que dicha omisión quedó subsanada con la *Resolución y Orden* de 10 de septiembre de 2025.

[7] *Íd.*, Entrada Núm. 96 en SUMAC.

[8] *Íd.*, Entrada Núm. 97 en SUMAC. Notificada el 18 de septiembre de 2025.

[9] *Íd.*, Entrada Núm. 100 en SUMAC.

a hacer un acto específico sujeto a la Regla 56 de Procedimiento Civil, *supra*, R. 56, que debía estar precedida de notificación adecuada y vista. Solicitó su anulación o modificación para requerir que la recurrida expusiera su posición por escrito.

El 15 de octubre de 2025, la señora Cruz Ramírez se opuso a la solicitud de reconsideración e indicó que procedía denegarla por constituir una segunda reconsideración improcedente en derecho.[10]

Sometido el asunto, el 20 de noviembre de 2025, el TPI emitió una *Resolución y Orden* en la que reiteró que las órdenes del 12 de junio y 10 de septiembre de 2025 no implicaron un remedio provisional bajo la Regla 56 de Procedimiento Civil, *supra*, R. 56, sino que estaban relacionadas al descubrimiento de prueba.[11] En vista de ello, declaró No Ha Lugar la reconsideración, reafirmó el término concedido al señor Ramos Pérez y R&A para cumplir y extendió el período de información hasta el 30 de noviembre de 2025. Además, le impuso al señor Ramos Pérez una sanción de $250.00 ante su incumplimiento con la orden. A su vez, advirtió que la inobservancia con lo ordenado podía conllevar la imposición de sanciones.

Ante lo resuelto, el 5 de diciembre de 2025, R&A presentó este recurso, en el que planteó los siguientes señalamientos de error:

1. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE LA ORDEN QUE IMPUSO A RAMOS Y ASOCIADOS, INC., PARA QUE CONFECCIONE Y ENTREGUE INFORMES MENSUALES, ES UN MECANISMO INCIDENTAL DE DESCUBRIMIENTO DE PRUEBA, CUANDO EN REALIDAD CONSTITUYE UNA ORDEN JUDICIAL PARA HACER UN ACTO ESPECÍFICO BAJO LA REGLA 56.5 DE PROCEDIMIENTO CIVIL DE PUERTO RICO.
2. ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DICTAR UNA ORDEN JUDICIAL PARA HACER UN ACTO ESPECÍFICO —CONFECCIÓN Y ENTREGA PERIÓDICA DE INFORMES MENSUALES— SIN CUMPLIR CON LOS REQUISITOS PROCESALES MANDATORIOS DE LA REGLA 56 DE PROCEDIMIENTO CIVIL, Y EN VIOLACIÓN AL DEBIDO PROCESO DE LEY.

---

[10] *Íd.*, Entrada Núm. 111 en SUMAC.

[11] *Íd.*, Entrada Núm. 128 en SUMAC. Notificada el 21 de noviembre de 2025.

En esencia, el peticionario señaló que el TPI erró al calificar la orden que le impuso confeccionar informes mensuales como un mecanismo de descubrimiento de prueba, cuando en realidad era un remedio provisional para salvaguardar los fondos de los negocios. Arguyó que obligarlo a crear informes financieros inexistentes constituía una intervención judicial anticipada para asegurar la efectividad de una futura sentencia, sin observar las garantías procesales de notificación y vistas exigidas por las Reglas 56.1 y 56.2 de Procedimiento Civil, *supra*, R. 56.1 y 56.2. Esgrimió que, por el contrario, el descubrimiento de prueba se limitaba a la obtención de documentos e información existente en poder de las partes.

Asimismo, sostuvo que el foro primario emitió dicha orden sin haber adquirido jurisdicción sobre su persona, puesto que no había sido emplazado al momento de dictarse en corte abierta el 12 de junio de 2025 y el emplazamiento se diligenció el 26 de junio de 2025. Añadió que la ausencia de una petición escrita y de una vista argumentativa lo privó de la oportunidad de conocer y controvertir los fundamentos del remedio solicitado.

Por su parte, el 7 de enero de 2026, la señora Cruz Ramírez se opuso a la expedición del auto de *certiorari* por falta de jurisdicción e incumplimiento con la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR __ (2025), R. 40. Alegó que el TPI se limitó a ordenar la divulgación de información económica como parte del descubrimiento de prueba. Además, adujo que el dictamen del 10 de septiembre de 2025 advino final y firme al no recurrirse oportunamente, tras la denegatoria de la reconsideración del 18 de septiembre de 2025. Manifestó que la segunda moción de reconsideración no estaba contemplada en el ordenamiento jurídico, por lo que esta curia apelativa carecía de jurisdicción para atender el recurso. En cuanto al planteamiento de remedio provisional, apuntó

que constituía un subterfugio para evadir las obligaciones de descubrimiento de prueba, ámbito sujeto a la discreción del TPI.

Finalmente, el 14 de enero de 2026, R&A presentó su réplica, autorizada mediante nuestra Resolución de 9 de enero de 2026, en la que distinguió entre la *Moción Solicitando Relevo de Orden* del 18 de septiembre de 2025 y la *Moción de Reconsideración* del 30 de septiembre de 2025. Explicó que en la primera se atacó una orden nula por falta de jurisdicción sobre su persona y violación al debido proceso de ley, mientras que en la segunda procuró la revisión de un dictamen adverso. Afirmó que el recurso fue oportuno, ya que el término para recurrir comenzó a transcurrir el 21 de noviembre de 2025, tras resolverse la reconsideración en sus méritos. Solicitó evitar un fracaso de la justicia ante la emisión de una orden de hacer sin jurisdicción, notificación ni oportunidad de ser oído.

## II.

### A. *Certiorari*

El *certiorari* es un vehículo procesal extraordinario que permite que un tribunal de mayor jerarquía revise decisiones de un foro inferior. *Rivera et al., v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *McNeill Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 404 (2021); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). La expedición del auto es discrecional, por tratarse ordinariamente de asuntos interlocutorios. *Íd.*

La Regla 52.1 de Procedimiento Civil, *supra*, limita de forma taxativa las instancias en que procede expedir el auto de *certiorari* en un asunto interlocutorio civil. *McNeill Healthcare v. Mun. Las Piedras I*, *supra*; *Scotiabank v. ZAF Corp., et al.*, 202 DPR 478 (2019). Así, solo es revisable un dictamen bajo las Reglas 56 y 57 de Procedimiento Civil, *supra*, o la denegación de mociones dispositivas. Por excepción, se pueden revisar asuntos sobre la admisibilidad de testigos de hechos o peritos esenciales, privilegios evidenciarios, rebeldía,

relaciones de familia, interés público o situaciones que esperar a la apelación implicaría un fracaso irremediable de la justicia. *Íd.*

Si el asunto interlocutorio no se encuentra en tales instancias, el Tribunal carece de autoridad para intervenir, a fin de evitar dilaciones por la revisión de controversias que se pueden atender en una apelación. *Scotiabank v. ZAF Corp., et al., supra*, pág. 486.

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, rige los criterios que orientan nuestra facultad discrecional para atender una petición de *certiorari*, a saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Cuando se deniega la expedición del auto de *certiorari*, no es necesario exponer las razones de dicha determinación. *IG Builders et al. v. BBVAPR, supra*, pág. 336. En tal caso, este Tribunal no asume jurisdicción sobre el asunto ni lo resuelve en sus méritos. *McNeill Healthcare v. Mun. Las Piedras I, supra*, pág. 405.

### B. Descubrimiento de prueba

El descubrimiento de prueba, conforme a Regla 23.1 de Procedimiento Civil, *supra*, R. 23.1, permite obtener información no privilegiada, pertinente al asunto en controversia, aun cuando no sea admisible en juicio, si razonablemente conduce al descubrimiento de evidencia admisible.

El foro primario tiene amplia discreción para regular el descubrimiento de prueba y garantizar una solución justa, rápida y económica del caso, sin ventaja a parte alguna. *Consejo de Titulares v. Triple-S*, 2025 TSPR 82, 216 DPR __ (2025); *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465 (2022); *Rivera y otros v. Bco. Popular*, 152 DPR 140 (2000). Por ello, la intervención apelativa solo procede cuando se demuestra prejuicio, parcialidad, craso abuso de discreción o error en la aplicación del derecho. *Íd.*

### III.

Tras evaluar los hechos del caso conforme a las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1, y de la Regla 40 del Reglamento de este Tribunal, *supra*, R. 40, concluimos que no procede nuestra intervención en esta etapa de los procedimientos. Este foro no debe intervenir en el manejo de asuntos procesales para los cuales el tribunal de instancia poseía amplia discreción.

No divisamos que la determinación recurrida de requerir la divulgación de información financiera, incluyendo la presentación de informes con datos de ingresos y gastos de períodos específicos, como parte del descubrimiento de prueba fue contraria a derecho, ni implicó la imposición de un remedio provisional al amparo de la Regla 56 de Procedimiento Civil, *supra*, R. 56. El TPI aclaró que su orden no prejuzgó la procedencia de remedios provisionales y que cualquier medida ulterior sería evaluada en atención a la prueba presentada. Además, en este recurso no se demostró que el dictamen recurrido causó perjuicio, parcialidad, constituyó un craso abuso de discreción, ni que conllevó un fracaso irremediable de la justicia.

En tal virtud, declinamos intervenir con la determinación recurrida, por lo que se deniega la expedición del auto de *certiorari.*

**IV.**

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari*.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones